**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DONALD and MARY THORNTON, ) | |
| Plaintiffs, ) | |
| vs. ) | Case No.: <u>2:06-cv-1072</u> |
| ROLLIN VAUGHN SOWARDS and, ) PROGRESSIVE INSURANCE CO., | |
| ) | |
| Defendants. | |

**<u>DEFENDANT, ROLLIN VAUGHN SOWARDS' ANSWER
TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW THE DEFENDANT, Rollin Vaughn Sowards, and in Response to the Plaintiff's Complaint, previously filed, hereby states as follows:

1. This Defendant, Rollin Vaughn Sowards, having no reason to question the Plaintiff's allegations in this regard, hereby admits that the Plaintiffs are residents of the City of Florala, Covington County, Alabama. Otherwise, any and all other allegations found in Plaintiff's Complaint are firmly denied and strict proof is demanded thereof.

2. This Defendant, Rollin Vaughn Sowards, hereby admits that he is a resident of Tennessee. Otherwise, any and all other allegations found in Plaintiff's Complaint are firmly denied and strict proof is demanded thereof.

3. This Defendant, Rollin Vaughn Sowards, is without sufficient information at the present time so as to be able to either admit or deny the allegations found in Paragraph Three (Numbered 3) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

<u>FACTS</u>

4. It appears that the Plaintiff has failed to identify any paragraph as Paragraph Four (Numbered 4). As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

5. This Defendant, Rollin Vaughn Sowards, is without sufficient information at the present time so as to be able to either admit or deny the allegations found in Paragraph Five (Numbered 5) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

6. This Defendant, Rollin Vaughn Sowards, hereby denies the allegations found in Paragraph Six (Numbered 6) of the Plaintiff's Complaint and demands strict proof thereof.

7. This Defendant, Rollin Vaughn Sowards, hereby denies the allegations found in Paragraph Seven (Numbered 7) of the Plaintiff's Complaint and demands strict proof thereof.

8. This Defendant, Rollin Vaughn Sowards, is without sufficient information at the present time so as to be able to either admit or deny all of the allegations found in Paragraph Eight (Numbered 8) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

## COUNT ONE

9. This Defendant, hereby adopts and reavers his responses to the above paragraphs as if set-out and reavered herein in full.

10. This Defendant, Rollin Vaughn Sowards, hereby denies the allegations found in Paragraph Ten (Numbered 10) of the Plaintiff's Complaint and demands strict proof thereof.

11. This Defendant, Rollin Vaughn Sowards, hereby denies the allegations found in Paragraph Eleven (Numbered 11) of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT TWO

12. This Defendant, hereby adopts and reavers his responses to the above paragraphs as if set-out and reavered herein in full.

13. This Defendant, Rollin Vaughn Sowards, hereby denies the allegations found in Paragraph Thirteen (Numbered 13) of the Plaintiff's Complaint and demands strict proof thereof.

14. This Defendant, Rollin Vaughn Sowards, hereby denies the allegations found in Paragraph Fourteen (Numbered 14) of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT THREE

15. This Defendant, hereby adopts and reavers his responses to the above paragraphs as if set-out and reavered herein in full.

16. This Defendant, Rollin Vaughn Sowards, hereby denies the allegations found in Paragraph Sixteen (Numbered 16) of the Plaintiff's Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. As his First Affirmative Defense, this Defendant avers that the Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure, fails to state a claim upon which relief can be granted against him, and as such, said claims are due to be dismissed as a matter of law.

2. As his Second Affirmative Defense, this Defendant specifically contests damages as computed and alleged by the Plaintiffs, and as such, asserts that he is not liable for the things and matters alleged and complained of in the Plaintiff's Complaint.

3. As his Third Affirmative Defense, this Defendant alleges that the Plaintiff herein acted in a manner so as to contribute to any damages that he may have sustained as alleged in the Complaint, and thus, is barred from recovery against this Defendant.

4. As his Fourth Affirmative Defense, this Defendant alleges that the Plaintiffs herein assumed the risk of any damages they may have sustained as alleged in the Complaint, by failing to look out for their own interests, etc.

5. As his Fifth Affirmative Defense, this Defendant hereby pleads insufficiency of process and insufficiency of service of process, and thus, prays that the Plaintiff's Complaint will be dismissed accordingly.

6. As his Sixth Affirmative defense, this Defendant hereby pleads that the Venue of this matter is improper as filed by the Plaintiff and thus, this matter is due to be dismissed entirely or in the alternative, transferred to the appropriate venue as a matter of course.

7. As his Seventh Affirmative defense, this Defendant hereby pleads that the Plaintiff herein had the "Last Clear Chance" to avoid the accident which is the subject of this matter, and so, is barred from any recovery against him.

8. As his Eighth Affirmative Defense, this Defendant contests any proposed imposition of punitive damages as prayed for in the Plaintiff's Complaint in this action, as punitive damages are not generally allowable under the theories proposed and are in any event not supportable in this action.

9. As his Ninth Affirmative Defense, this Defendant specifically contests any proposed imposition of punitive damages in this action whatsoever, and in furtherance of that objection, hereby states the following:

1. Defendants say the Complaint fails to state a claim upon which punitive damages may be awarded.

2. Defendants say any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

3. Defendant says any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

4. Defendant says an award of punitive damages to Plaintiff in this case may be violative of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, in that the state may share in any such award. See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257 (1989).

5. Defendant says any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

6. Defendant says any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

7. Defendant says any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

8. Defendant says it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

9. Defendant says it is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

10. Defendant says Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America on the following grounds:

    (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of

America to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America; and

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America.

11. Defendant says Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of the State of Alabama on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

12. Defendant says Plaintiff's attempt to impose punitive or extracontractual damages on Defendant on the basis of vicarious liability for the conduct of

others violates the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

13. Defendant says the award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

14. Defendant says the award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of the State of Alabama.

15. Defendant says the Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> Sections 6-11-20 to 6-11-30 and is barred.

16. Defendant says Alabama's system for assessing punitive damages leads to awards that are so grossly excessive as to constitute an arbitrary deprivation of life, liberty, or property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Further Defendant did not have fair notice of the magnitude of the sanctions that may be imposed under Alabama's system for assessing punitive damages. <u>BMW of N. Am., Inc. v. Gore</u>, 116 S. Ct. 1589 (1996).

10. As his Tenth Affirmative Defense, this Defendant states:

1. The award of discretionary, compensatory damages for mental suffering on behalf of the plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the discretion of the jury with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution for the following reasons:

(i) It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

(ii) It fails to provide specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(iii) It results in the imposition of different compensation for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(iv) It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(b) The award of discretionary compensatory damages for mental suffering to the plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

    (i)  It fails to provide a limit on the amount of the award against the defendant;

    (ii)  It is unconstitutionally vague;

    (iii)  It fails to provide specific standards in the amount of the award of such damages; and

    (iv)  It constitutes a deprivation of property without due process of law.

  11.  As their remaining Affirmative Defenses, these Defendants hereby affirmatively plead the following**; Lack of Cooperation** (Nationwide Mut. Ins. Co. v. Clay, 525 So.2d 1339 (Ala. 1987), cert. Denied, 488 U.S. 1040 (1989); **Acquiescence**; **Failure to Mitigate Damages; Estoppel** (Dobbins v. Gertz Exterminators of Ala., Inc., 382 So.2d 1135 (Ala.Civ.App. 1980); **Unavoidable Accident**; **Ratification**; Ex Parte Jordan, 532 So.2d 1252 (Ala. 1988); **Waiver**, Gottlieb v. Collat, 567 So.2d 1302 (Ala. 1990); and the **Plaintiff's Unclean Hands**, see, e.g., Lowe v. Lowe, 466 So.2d 969 (Ala.Civ.App. 1985); Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App. 1985).

  WHEREFORE ALL PREMISES CONSIDERED, this Defendant, Rollin Vaughn Sowards, hereby otherwise DENIES the material allegations of the Plaintiff's Complaint and prays that this Honorable Court will allow it to defend itself to the trier of fact.

DONE AND SUBMITTED, this the 20<u>th</u> day of <u>December</u>, 2006.

        /s/ Steadman S. Shealy, Jr., Esq.
        Steadman S. Shealy, Jr., Esq. (SHE023)

        /s/ Richard E. Crum, Esq.
        Richard E. Crum, Esq. (CRU012)

        Attorneys for Defendant,
        Rollin Vaughn Sowards

OF COUNSEL
COBB, SHEALY, CRUM, DERRICK, & PIKE, P.A.
206 N. LENA ST.
DOTHAN, ALABAMA 36302-6346
(334) 677-3000

## CERTIFICATE OF SERVICE

I hereby certify I have this date served electronically a copy of the foregoing properly addressed to:

William B. Alverson, Jr., Esq. (ALV005)
ALBRITTONS, CLIFTON, ALVERSON
MOODY, & BOWDEN, P.C.
P.O. Drawer 880
Andalusia, Alabama 36420
(334) 222-3177

This the 20<u>th</u> day of <u>December</u>, 2006.

        /s/ Richard E. Crum, Esq.
        Of Counsel