**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DONALD and MARY THORNTON, ) | |
| Plaintiffs, ) | |
| vs. ) | Case No.: 2:06-cv-1072 |
| ROLLIN VAUGHN SOWARDS and, ) PROGRESSIVE INSURANCE CO., | |
| ) | |
| Defendants. | |

**AMENDED NOTICE OF REMOVAL**

COME NOW THE DEFENDANT, Rollin Vaughn Sowards, and pursuant to 28 U.S.C. § 1332, 1441, and 1446, gives and provide Notice of. Removal of this action to the United States District Court before the Middle District of Alabama, Northern Division. As grounds therefore, the Defendant states as follows:

1. Plaintiff's instituted this civil action in the Circuit Court of Covington County on October 25, 2006, said case number CV-2006-223, against the following purported defendants: Rollin Vaughn Sowards ("Sowards"); and Progressive Insurance Company ("Progressive").

2. This action is removable pursuant to 28 U.S.C. §1441(a). This action has been removed based on diversity of citizenship as required by 28 U.S.C. § 1332.

3. This action is a matter of which U.S. District Courts have jurisdiction in that the controversy is between citizens of different states. Jurisdiction is based upon complete diversity of citizenship, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs in compliance with. 28 U.S.C. §1332.

4. The Plaintiffs, Donald and Mary Thornton, are, and were at the institution of this civil action, and at all times intervening, citizens and residents of the State of Alabama. (See

Plaintiff's Complaint, attached hereto as Exhibit "A", wherein the Plaintiffs identify themselves as residents and citizens of Florala, Covington County, Alabama).

5. The Defendant, Sowards, is, and was at the institution of this civil action, and at all times intervening, an individual citizen residing and existing under the laws of the State of Tennessee. (See, e.g., Exhibit "A", wherein the Defendant, Rollin Vaughn Sowards is properly identified as being an individual resident of the State of Tennessee).

6. The Defendant, Progressive, is, and was at the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Ohio, having its principle place of business in the State of Ohio. Thereby making them a citizen of Ohio. Progressive is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

7. The Defendant, Rollin Vaughn Sowards, was first served with the Complaint and Summons on October 30, 2006. Because this notice of removal is filed within thirty days after service and summons and/or complaint upon the first-served defendant, it is timely under U.S.C. § 1446(b).

8. While no assertion is made in the Plaintiffs' Complaint about the amount in controversy, defendant believes that the amount in controversy requirement of 28 U. S. C. 1332(a) is satisfied in this case by a preponderance of the evidence due to the *relief* sought by plaintiff. See <u>Tapscott v..M.S. Dealer Service Corp.,</u> 77 F.3rd 1353(11 Cir. 1996) Rev'd. on other grounds 204 F.3rd 1069 (11 Cir. 2000) (holding that when not alleged by the plaintiff, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000).

9. The plaintiff, in this case, alleges not only a simple negligence claim, but also a

separate count for wantonness. The Plaintiff bases the claim of wantonness on the allegation that the Defendant was under the influence of alcohol at the time of the accident and driving erraticaly.  The Plaintiff apparently suffereed a broken leg and knee cap in this accident as well as other alleged injuries.  The plaintiff requests a jury award to him an unspecified amount of compensatory and punitive damages in the Complaint. Based on Alabama law, the plaintiff is not bound by any damage allegations made in his Complaint, and a jury is free to award him in an amount in excess of what is being claimed in the Complaint. See, e. g., Fuller v. Preferred Risk Insurance Co., 577 So.2d 878, 883, 884 (Ala. 1991). The amount of compensatory and punitive damages, which are expressly requested by the plaintiff, is likewise committed to the jury's discretion under Alabama law and is not limited prejudgment by statute or formula. See, e.g. BMW of North America, Inc. v. Gore, 517 U. S. 559.. 116 S. Ct. 1589 *(1996);* Pacifzc Mutual Life Ins. Co. v. Haslip, 49.9 U. S. 1(1991). Given the nature of plaintiffs claims and. relevant law, the amount sought by the plaintiff, reasonably exceeds the amount in controversy requirement, exclusive of interest and costs.

Faced with similarly vague Ad Damnum language in other cases, federal courts in Alabama have routinely taken notice of the large punitive damages verdicts in Alabama and sustained removal over a Plaintiff's argument that the amount in controversy was insufficient. See e. g. Tapscott v. M. S. Dealer Serv. Corp., 77 F.3rd 1353 (11 Cir. 1996); Bolling v. Union National Life Insurance Company, 900 F. Supp. 400, 404 (M. D. Ala. 1995); Steel v. Underwriters Adjusting Co., 649 F. Sapp. 1414 (M. D. Ala. 1986).  In Steel the Court held:

> To allow a plaintiff claiming unspecified damages to avoid federal jurisdiction would violate this Court's notions of procedural fair play. A plaintiff should not be allowed to deprive a defendant of his right to remove through artful pleading practices ...

3

> The plaintiff should not be allowed to rob a defendant of its right to removal by demanding such damages as may be fairly ascertained by the jury. Permitting such practice allows the plaintiff to have his cake and eat it too. In other words, the plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of the statutory amount. Such an approach is simply unfair and will not be permitted by this Court.

649 F. Supp. @ 1416. (Internal marks omitted).

Therefore, it appears more likely than not that the plaintiff is seeking in excess of $75.000, even though not alleged, thereby satisfying the amount in controversy requirement of 28 U. S. C. §1332(a)(1).

10. This Notice of Removal was filed within 30 days of the date in which it first became removable.

11. The documents attached and identified as Defendant's *"Exhibit* A" constitute all due process, pleadings and orders served upon, or received by the Defendant in this action, as well as all the pleadings served by the Defendant upon Plaintiffs in this action.

12. All properly joined and served defendants consent to and join in this Notice of Removal.

13 The Plaintiffs have demanded trial by jury.

14. A copy of this Notice of Removal has been filed with the Circuit Court of Covington County. (See Exhibit "B", a copy of the Notice of Filing that has been forwarded to and filed with the Circuit Court of Covington County, Alabama).

15. Venue for removal is proper in this district and division pursuant to 28 U.S.C. §

4

1441(a) because this district and division embrace the Circuit Court of the State of Alabama for Covington County, the forum in which the removed action was pending.

16. Defendants have sought no similar relief.

17. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18. If any question arises as to the propriety of the removal of these actions, these defendants request the opportunity to present a brief and oral argument in support of its position that this case is removable, and to conduct jurisdictional discovery.

WHEREFORE, PREMISES CONSIDERED Defendant is entitled to remove this action from the Circuit Court of Covington County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

This the 20th day of December, 2006.

/s/ Richard E. Crum, Esq.
Richard E. Crum, Esq.
Attorney for Defendant,
Rollin Vaughn Sowards

Of Counsel:
COBB, SHEALY, CRUM, DERRICK & PIKE, P.A.
206 North Lena Street
Post Office Box 6346
Dothan, Alabama 36302-6346
(334) 677-3000

**CERTIFICATE OF SERVICE**

      I hereby certify I have this date mailed a copy of the foregoing properly addressed and postage prepaid, to:

William B. Alverson, Jr., Esq.
ALBRITTONS, CLIFTON, ALVERSON
MOODY, & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
(334) 222-3177

This the 20th day of December, 2006.

                                            /s/ Richard E. Crum, Esq.
                                            Of Counsel

EXHIBIT 'A'



## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| DONALD THORNTON and <br> MARY THORNTON, <br><br> PLAINTIFFS, <br><br> VS. <br><br> ROLLIN VAUGHN SOWARDS and <br> PROGRESSIVE INSURANCE <br> COMPANY, <br><br> DEFENDANTS. | CV-06-223 |

## COMPLAINT

### JURISDICTION AND VENUE

1. Plaintiffs, Donald Thornton and Mary Thornton are residents of the City of Florala, Covington County, Alabama.

2. Defendant Rollin Vaughn Sowards, based upon best information, is a resident of Antioch, Tennessee.

3. Defendant Progressive Insurance Company, based upon information is a foreign corporation doing business in Alabama.

### FACTS

5. On or about June 3, 2006, at approximately 2:27 p.m., Plaintiffs were traveling southbound on U.S. 331 South between the cities of Opp and Florala, Alabama.

6. Defendant, Rollin Vaughn Sowards was traveling northbound in an erratic fashion and under the influence of alcohol.

7. Plaintiffs pulled off the side of the road in order to avoid the erratic driving of Defendant; however, the Defendant traveling at a high rate of speed struck the vehicle driven by the Plaintiffs.

8. Subsequent to the accident, the Defendant was arrested for driving under the influence and his blood alcohol level tested above the legal limit.

## FIRST CAUSE OF ACTION - NEGLIGENCE

9. The Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

10. The Defendant was negligent in the operation of the vehicle which struck the vehicle occupied by the Plaintiffs.

11. As a proximate result of the Defendant's negligence, Plaintiffs were caused to suffer permanent injuries including physical pain, emotional distress, mental anguish and property damage to the vehicle which was totaled.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

## SECOND CAUSE OF ACTION - WANTONNESS

12. The Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

13. The Defendant wantonly cause the accident in question by driving under the influence and driving at a high rate of speed and erratic fashion.

14. As a proximate result of the Defendant's wantonness, Plaintiffs were caused to suffer permanent injuries including physical pain, emotional distress, mental anguish and property damage to the vehicle.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

## THIRD CAUSE OF ACTION - LOSS OF CONSORTIUM

15. The Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

16. The Plaintiffs, Donald Thornton and Mary Thornton were caused to suffer loss of consortium from each other due to the negligent and/or wanton conduct of the Defendant.

WHEREFORE, Plaintiffs demand judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award together with their costs to include attorney's fees.

By: _____
William B. Alverson, Jr (ALV005)

OF COUNSEL:

ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
334-222-3177

PLAINTIFFS RESPECTFULLY REQUEST TRIAL BY JURY OF THIS CAUSE

By: *[signature]*
William B. Alverson, Jr. (ALV005)

Plaintiffs hereby request that the Circuit Clerk serve the foregoing upon the following by Certified Mail in accordance with Alabama Rules of Civil Procedure:

Rollin Vaughn Sowards
1000 Shakertown Cove
Antioch, Tennessee 37013

EXHIBIT 'B'

IN THE CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| DONALD and MARY THORNTON | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Civil Action No.: CV-2006-223 |
| ROLLIN VAUGHN SOWARDS and, PROGRESSIVE INSURANCE CO., | ) ) | |
| Defendants. | | |

**NOTICE OF FILING NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446(d), Defendant, Rollin Vaughn Sowards, hereby gives notice of removal of this case to the United States District Court for the Middle District of Alabama, Northern Division. Attached hereto is a copy of the Notice of Removal.

Richard E. Crum, Esq.
CRU012; ASB-6008-R76R

Of Counsel:
COBB, SHEALY, CRUM, DERRICK & PIKE, P.A.
206 North Lena Street
Post Office Box 6346
Dothan, Alabama 36302-6346
(334) 677-3000

1

## CERTIFICATE OF SERVICE

I hereby certify I have this date mailed a copy of the foregoing properly addressed and postage prepaid, to:

William B. Alverson, Jr., Esq.
ALBRITTONS, CLIFTON, ALVERSON
MOODY, & BOWDEN, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
(334) 222-3177

This the 30th day of November, 2006.

_____
Of Counsel